Argued November 17, affirmed December 20, 1976, reconsideration denied
January 19, petition for review denied March 22, 1977

KNISS, *Appellant,*

*v.*

CUPP, *Respondent.*

(No. 420 082, CA 6581)

558 P2d 364

*Paul J. De Muniz,* Deputy Public Defender, Salem, argued the cause for appellant, With him on the brief was Gary D. Babcock, Public Defender, Salem.

*W. Benny Won,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

This is an appeal from the trial court's denial of petitioner's request for post-conviction relief.

On August 19, 1967, two men robbed a market in Portland. Two witnesses to the robbery, Walton and Mewhinney, viewed photographic displays containing petitioner's photograph on August 23. Walton identified petitioner as one of the two robbers; Mewhinney stated that petitioner was not one of the two robbers. On August 25 a lineup was held, and Walton identified petitioner as one of the two robbers. Walton that day signed a complaint charging petitioner with the robbery. Later that evening, a second lineup was viewed by Mewhinney and his wife who also witnessed the robbery. Both failed to identify petitioner. Counsel for petitioner was not present at either lineup. At petitioner's trial, Walton and the Mewhinneys, in the absence of any objection by petitioner, identified petitioner as one of the robbers.

In 1975, this petition for post-conviction relief was filed challenging the 1968 conviction on two grounds: (1) that petitioner was denied his right to counsel at the two lineups; and (2) that the prosecution improperly suppressed the police report of Mewhinney's statement, upon viewing the photographic display, that petitioner was not one of the robbers.

The state argues that the failure of petitioner to object at trial to the testimony of Walton and the Mewhinneys bars his claim now that he was denied counsel at the lineups. *North v. Cupp,* 254 Or 451, 456, 461 P2d 271 (1969), *cert denied* 397 US 1054 (1970), holds that an objection at trial is a prerequisite to the assertion of error in a petition for post-conviction relief. Petitioner maintains, however, that his case falls within an exception to the *North* rule which would allow post-conviction relief in the absence of an objection at trial "where the objection could conceivably have been made but could not reasonably have been expected" because "the right subsequently sought

to be asserted was not generally recognized to be in existence at the time of trial." 254 Or at 456-57.

■ Petitioner's trial followed by six months the decision in *United States v. Wade,* 388 US 218, 87 S Ct 1926, 18 L Ed 2d 1149 (1967), which held that the right to have counsel present at a lineup attached whenever the lineup occurred at "a critical stage of the prosecution." Petitioner maintains that since the holding of *Wade* was that a post-indictment lineup occurred at such a critical stage, he could not have been expected to object to the testimony of witnesses who viewed pre-indictment lineups. We disagree. The decision in *Wade,* which was cast in broad terms, was immediately applied by courts throughout the country to lineups occurring prior to an indictment.[1] Petitioner could have reasonably been expected to object to the testimony of Walton and the Mewhinneys, and, in the absence of a claim that petitioner's counsel was incompetent, a claim specifically disavowed by petitioner, the petition for post-conviction relief on the grounds that petitioner was denied counsel at the pretrial lineups is barred by *North v. Cupp, supra.*

■■ Petitioner also asserts that the court erred in finding that the prosecution did not suppress the police report of Mewhinney's statement, upon viewing the photographic display, that petitioner was not one of the robbers.[2] The court heard the testimony of both defendant's trial attorney and the prosecutor and examined the transcript from the trial. After reviewing that evidence, we conclude that the post-conviction

[1] *See,* e.g., *United States v. Broadhead,* 413 F2d 1351 (7th Cir 1969), *cert denied* 396 US 1017 (1970); *Rivers v. United States,* 400 F2d 935 (5th Cir 1968); *State v. Mershon,* 1 Or App 305, 459 P2d 551 (1969), Sup Ct *review denied* (1970); *People v. Fowler,* 1 Cal 3d 335, 82 Cal Rptr 363, 461 P2d 643 (1969); *State v. Singleton,* 253 La 18, 215 So2d 838 (1968); *Palmer v. State,* 5 Md App 691, 249 A2d 482 (1969); *State v. Wright,* 274 NC 84, 161 SE2d 581 (1968), *cert denied* 396 US 934 (1969); *State v. Hicks,* 76 Wash 2d 80, 455 P2d 943 (1969).

[2] As petitioner's suppression claim involves evidence of which he claims his attorney had no knowledge, *North v. Cupp,* 254 Or 451, 457, 461 P2d 271 (1969), *cert denied* 397 US 1054 (1970), does not require an objection at trial in order that this basis for post-conviction relief may be considered.

court did not err in holding that petitioner had not met his burden of proving that the police report was suppressed. *See* ORS 138.620(2).[3]

Affirmed.

---

[3] "If the petition states a ground for relief, the court shall decide the issues raised and may receive proof by affidavits, depositions, oral testimony or other competent evidence. The burden of proof of facts alleged in the petition shall be upon the petitioner to establish such facts by a preponderance of the evidence." ORS 138.620(2).