Argued and submitted October 22, affirmed December 10, 1979

JOHN LOUIS BOYER,
*Appellant,*
*v.*
STATE OF OREGON,
*Respondent.*

(No. 5967, CA 14557)

603 P2d 1228

Herman W. Winter, Heppner, argued the cause for appellant. With him on the brief was Winter and Sweeney, Heppner.

Virginia L. Linder, Certified Law Student, Salem, argued the cause for respondent. With her on the brief

were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

JOSEPH, P.J.

**JOSEPH, P.J.**

In this post-conviction proceeding, the plaintiff appeals from a judgment denying him relief and dismissing his petition.

Plaintiff was arrested in August, 1977, and charged with driving under the influence of intoxicants. Pursuant to the citation, he appeared with counsel in a justice court and requested a jury trial. The justice of the peace informed him that a jury was not available under the law at that time; and plaintiff went to trial without a jury and was convicted. He appealed to the circuit court. In the circuit court the request for jury trial was not reiterated. Plaintiff was tried without a jury and was again convicted. He then initiated this post-conviction proceeding.

Plaintiff asserts that even though he was tried in the circuit court prior to the decision in *Brown v. Multnomah County Dist. Ct.,* 280 Or 95, 570 P2d 52 (1977), he is entitled to the benefit of the holding in that case by reason of *McClannahan v. State of Oregon,* which was affirmed without opinion by this court, 37 Or App 511, 588 P2d 688 (1978). He argues that the rule in *McClannahan* is that the decision in *Brown* "applies retroactively" and that, therefore, he was denied his constitutional right to trial by jury and is entitled to post-conviction relief by way of a new trial. *McClannahan,* having been decided without opinion, states no precedential statement of a rule.

In his appeal to the circuit court from his conviction in the justice court, plaintiff did not request a jury trial or otherwise object to the trial court's failure to accord him a trial by jury. In *North v. Cupp,* 254 Or 451, 461 P2d 271 (1969), *cert den* 397 US 1054 (1970), the court held that an objection at trial is generally prerequisite to the assertion of error in a petition for post-conviction relief. The court reasoned that if ORS

138.550(1)[1] were construed as putting a post-conviction petitioner in the same situation as he was at trial for the purpose of asserting a constitutional right, there would be no procedural restriction on post-conviction assertion of those rights. The court recognized that there are situations in which it would be inappropriate to require a contemporaneous objection as a prerequisite to the post-conviction raising of a constitutional issue:

> "The most common illustration is where the objection could conceivably have been made but could not reasonably have been expected. Examples are where the right subsequently sought to be asserted was not generally recognized to be in existence at the time of trial; where counsel was excusably unaware of facts which would have disclosed a basis for the assertion of the right ***." 254 Or at 456-457.

Thus, whether there is a substantial denial of a constitutional right within the meaning of the post-conviction statute is determined by the circumstances under which the plaintiff failed to raise the issue at trial.

In *Kniss v. Cupp,* 27 Or App 815, 558 P2d 364 (1976), *rev den* (1977), we viewed the necessity of preserving error below as turning on whether plaintiff's attorney had knowledge of the ground for objection or reasonably was charged with that knowledge. In the circuit court plaintiff was represented by the same attorney who had represented him at the prior proceeding. The issue of plaintiff's right to a jury trial was not raised, even though plaintiff and his attorney knew at the time of the circuit court trial that the question was pending before the Supreme Court. The

---

[1] ORS 138.550(1):

"(1) The failure of petitioner to have sought appellate review of his conviction, or to have raised matters alleged in his petition at his trial, shall not affect the availability of relief under ORS 138.510 to 138.680. But no proceeding under ORS 138.510 to 138.680 shall be pursued while direct appellate review of his conviction, a motion for new trial, or a motion in arrest of judgment remains available."

record in this case establishes that plaintiff had actual knowledge of the grounds for objection at the time of his trial. Under that circumstance a request for a jury trial not only could have been made but was reasonably to be expected. The failure to do so barred his assertion of the constitutional error in his petition for post-conviction relief, and the court properly dismissed the petition.

The issue which plaintiff sought to have determined in the post-conviction hearing could reasonably have been raised by appeal from the judgment on the conviction.[2] Plaintiff was convicted in circuit court on October 11, 1977. The decision in *Brown* was issued on October 12, 1977. Plaintiff was entitled to file a motion for a new trial for a period of five days following the filing of the judgment of conviction, ORS 136.535(1), and could have urged the decision in *Brown* as support for the motion. Plaintiff asserts that a motion for a new trial was filed and denied, but nothing in the record of this case reveals that motion. In any event, the *Brown* issue could have been raised post-trial and an adverse ruling by the trial court could then have been raised on direct appeal.

Affirmed.

---

[2] ORS 138.550(1), when construed in the light of the post-conviction act as a whole, requires that issues that can be raised on direct appeal be so raised. *Lerch v. Cupp,* 9 Or App 508, 515, 497 P2d 379, *rev den* (1972).