Argued and submitted October 16, 1992, reversed and remanded with instructions May 12, Craiger's petition for reconsideration and Teran's petition for reconsideration denied June 16, both petitions for review allowed July 27, 1993
(317 Or 271)

LUIS ERNESTO MORA,
*Respondent,*

*v.*

Manfred (Fred) MAASS,
Superintendent,
Oregon State Penitentiary,
*Appellant.*

(91C-10630; CA A71969 (Control))

JAMES ANTHONY CRAIGER,
*Respondent,*

*v.*

Manfred (Fred) MAASS,
Superintendent,
Oregon State Penitentiary,
*Appellant.*

(91C-11530; CA A71954)

THOMAS RICHARD STOFFAL,
*Respondent,*

*v.*

Manfred (Fred) MAASS,
Superintendent,
Oregon State Penitentiary,
*Appellant.*

(91C-11061; CA A71982)

JOAQUIN S. TERAN,
*Respondent,*

*v.*

Manfred (Fred) MAASS,
Superintendent,
Oregon State Penitentiary,
*Appellant.*

(91C-10445; CA A71983)
(Cases Consolidated)
851 P2d 1154

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Hari Nam Khalsa, Deputy Public Defender, Salem, argued the cause for respondents Mora and Stoffal. With him on the brief was Sally L. Avera, Public Defender, Salem.

Mark J. Geiger, Salem, argued the cause and filed the brief for respondent Craiger.

Ronald M. Hellewell, Salem, argued the cause and filed the brief for respondent Teran.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

De MUNIZ, J.

---

* Leeson, J., *vice* Buttler, J., retired.

### De MUNIZ, J.

Defendant appeals from a judgment granting *habeas corpus* relief to plaintiffs. We granted defendant's motion to consolidate. ORAP 2.30. Plaintiffs were all convicted of delivery of controlled substances, and their sentences were enhanced, because their crimes "occurred as part of a drug cultivation, manufacture or delivery scheme or network." ORS 475.992; OAR 253-04-002(3) appendix 4. The *habeas corpus* court vacated their sentences on the ground that the "scheme or network" language in the sentencing guidelines is unconstitutionally vague. Or Const, Art I, §§ 20, 21; *State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76, 815 P2d 701 (1991). We reverse.

Plaintiff Mora pled no contest to a charge of delivery of a controlled substance, and his conviction was entered in the register on September 25, 1990. Plaintiff Teran was convicted after a court trial, and his conviction was entered in the register on July 16, 1990. Plaintiff Craiger pled guilty, and his conviction was entered in the register on September 18, 1990. Plaintiff Stoffal pled guilty, and his conviction was entered in the register on October 31, 1990.

Of the four plaintiffs, Stoffal was the only one to pursue a direct appeal. We affirmed his conviction on February 12, 1992, and he did not petition for review of that decision. *State v. Stoffal*, 111 Or App 424, 823 P2d 1047 (1992). None of the plaintiffs sought post-conviction relief. Instead, they filed petitions for writs of *habeas corpus*. Mora filed his on February 26, 1991. Teran filed his on March 12, 1991. Craiger filed his on August 21, 1991, and Stoffal filed his on June 4, 1991. Each of the petitioners pled, either in their petitions or their replications, that they did not file timely post-conviction petitions.

A petition for post-conviction relief is the sole method for collaterally challenging the lawfulness of a criminal conviction and sentence. ORS 138.540(1); *Mueller v. Benning*, 314 Or 615, 619, 841 P2d 640 (1992). We treat plaintiffs' petitions for writs of *habeas corpus* as mislabeled petitions for post-conviction relief. 314 Or at 621.

Stoffal filed his petition while his direct appeal was pending. The circuit court did not have jurisdiction to hear his

claim. ORS 138.550(1). With respect to Stoffal, the court's judgment is void.

▆▆▆ Because Mora, Teran and Craiger did not appeal their convictions or sentences, they were required to file their petitions within 120 days after their convictions were entered in the register. ORS 138.510(2)(a); *see Bartz v. State of Oregon*, 314 Or 353, 839 P2d 217 (1992). None of them did. Plaintiffs contend only that they could not reasonably have challenged their sentences within the 120-day limitation period, because we decided *State v. Moeller, supra*, after the limitation period expired. We have already rejected that argument. *Sumner v. Choate*, 114 Or App 406, 409, 834 P2d 535 (1992). The circuit court erred by granting relief to Mora, Teran and Craiger. The fact that they have been resentenced does not render this appeal moot. *Cf. Landreth v. Gladden*, 213 Or 205, 324 P2d 475 (1958) (*habeas corpus* proceeding before the enactment of the Post-Conviction Hearing Act).

Reversed and remanded with instructions to reinstate original sentences for all plaintiffs.