ROBBIE T. DAVIS,
*Appellant,*

*v.*

S. Frank THOMPSON,
Superintendent,
Oregon State Penitentiary,
*Respondent.*

(95C-13634; CA A95489)

961 P2d 911

D. Olcott Thompson argued the cause and filed the brief for appellant.

Kaye Ellen Sunderland, Assistant Attorney General, argued the cause and filed the brief for respondent. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Petitioner appeals the trial court's dismissal of his petition for post-conviction relief. We write only to discuss his argument that his sentence as a dangerous offender is illegal because it violates the rule limiting the total sentence to 200 percent of the presumptive sentence for a single offense and 400 percent of the presumptive sentence of the primary offense for consecutive sentences. *See* ORS 138.530(1)(c); *State v. Davis*, 315 Or 484, 847 P2d 834 (1993). We conclude that, under the facts of this case, petitioner may not raise that issue in a post-conviction proceeding. We therefore affirm.

Petitioner was convicted in May 1993 of rape and burglary arising from the same incident. His presumptive sentence under the guidelines on the rape conviction was 56-60 months. Instead of sentencing him under the guidelines on the rape conviction, the trial court sentenced him to a 30-year indeterminate sentence as a dangerous offender, with a 60-month minimum. On the burglary conviction, it sentenced him to a determinate six-month term, consecutive to the indeterminate dangerous offender term. At the time of sentencing, petitioner's attorney objected, arguing that the dangerous offender sentence was more than twice the presumptive sentence for the rape; the court rejected the objection.

On direct appeal, petitioner did not raise the 200/400 percent issue. His only challenge to the sentence was that the trial court had imposed a determinate sentence for burglary consecutive to the indeterminate dangerous offender sentence for rape. After petitioner filed his appellate brief, the Supreme Court decided *Davis*, in which it held that the 200/400 percent rule applied to the entire indeterminate term of a dangerous offender sentence, with the result in that case that the maximum indeterminate sentence that the defendant could receive was four times the presumptive sentence on the primary offense.

In its appellate brief in petitioner's case, which it filed after the decision in *Davis*, the state conceded that petitioner's sentence was improper and suggested that we

remand the case for resentencing. It also noted, however, that petitioner had not preserved at the trial court the issue that he raised on appeal and that it was unclear whether he had asserted any claim on appeal based on the 200/400 rule. The state argued that, if petitioner had "abandoned the only preserved claim, in favor of an unpreserved challenge, this court should affirm without further review." We affirmed on petitioner's appeal without opinion, and the Supreme Court denied review. *State v. Davis*, 124 Or App 681, 865 P2d 1342 (1993), *rev den* 318 Or 478 (1994).

On appeal in this post-conviction case, petitioner limits himself to two issues concerning his sentencing, one of which we do not discuss. He expressly concedes that his trial and appellate counsel did not provide ineffective assistance on the 200/400 percent rule, because the law concerning the relationship between that rule and the dangerous offender statute was unsettled at the time. Thus, petitioner's claim is that the sentences are illegal, not that his attorneys were inadequate in failing to challenge the sentences. He could have raised the alleged illegality of the sentences at trial and on his direct appeal. For that reason, it is not something that, in these circumstances, he can raise in a post-conviction proceeding.

In *Palmer v. State of Oregon*, 318 Or 352, 867 P2d 1368 (1994), the petitioner asserted in a post-conviction case that the statute under which he had been convicted was unconstitutionally vague. He claimed that he could not have raised the vagueness issue on his direct appeal because he had not preserved it at trial. He did not explain why he had failed to raise that issue at trial, nor did he assert that trial counsel was inadequate for not having done so. We held that the petitioner could raise the vagueness issue on post-conviction review, because ORS 138.550(1) provided that a failure to raise an issue at trial did not affect the availability of post-conviction relief. *Palmer v. State of Oregon*, 121 Or App 377, 381-84, 854 P2d 955 (1993), *aff'd on different grounds* 318 Or 352, 867 P2d 1368 (1994). The Supreme Court, relying on *North v. Cupp*, 254 Or 451, 461 P2d 271 (1969), *cert den* 397 US 1054 (1970), gave ORS 138.550(1) a narrowing

construction. It held that a petitioner may not obtain post-conviction relief on a ground that the petitioner could reasonably have been expected to raise at trial unless the petitioner proves one of a few narrow exceptions to the general rule, such as inadequate assistance of counsel or a subsequent change in the governing law. The reason for the narrowing construction was to enforce the requirement that a defendant raise an issue at trial in order to preserve it for appeal. *Palmer*, 318 Or at 357-60.

*Palmer* dictates the result in this case. We could reasonably expect petitioner to raise these sentencing issues at trial; in fact, he did so, at least to the extent of challenging the sentence on the ground that it violated the 200 percent rule. Petitioner does not argue that he could not have raised the issues at trial and on his direct appeal; he says only that he did not raise the 400 percent rule at trial and that he did not raise either issue on his direct appeal. He does not assert that his trial and appellate counsel were inadequate, nor does he argue that there was a change in the controlling law after his trial or appeal or any other event that justifies an exception to the general requirement that he preserve that issue at the trial court.[1] In those circumstances, petitioner is not entitled to post-conviction relief.

Affirmed.

---

[1] Petitioner states that his trial and appellate counsel were not inadequate because the law on the 200/400 percent rule was unclear at the time of trial and the direct appeal. He does not assert that the has been a change in the controlling law that would justify an exception to the requirement that he raise the issue at trial in order to assert it on post-conviction view.