Submitted on record and briefs April 16, 1998, affirmed on appeal; reversed on cross-appeal January 13, petition for review denied April 6, 1999 (328 Or 418)

Earl Douglas WILKINS,
*Appellant - Cross-Respondent,*

*v.*

Norman W. FRINK, Jr.,
Eric J. Bergstrom, and Michael D. Schrunk,
*Defendants,*

*and*

STATE OF OREGON,
*Respondent - Cross-Appellant.*

(9609-07154; CA A98198)

971 P2d 494

Earl D. Wilkins filed the briefs *pro se* for appellant - cross-respondent.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, filed the briefs for respondent - cross-appellant.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

LANDAU, P. J.

---

* Deits, C. J., *vice* Riggs, J., resigned.

## LANDAU, P. J.

Plaintiff was a defendant in a criminal case. In that criminal case, he was convicted of aggravated murder and required, among other things, to pay a $100,000 fine. Plaintiff then initiated this civil proceeding, challenging the statutory authority of the criminal trial court to impose the fine and the authority of the state to garnish his inmate trust account to pay it. The trial court held that the criminal trial court had authority to impose the fine, but that the state lacked authority to garnish plaintiff's inmate trust account to pay for it in the absence of proof that plaintiff was in default. Plaintiff appeals on the former ruling, and the state cross-appeals on the latter. We affirm on the appeal and reverse on the cross-appeal.

■ We begin with the appeal. Plaintiff's principal argument is that the criminal trial court lacked authority to impose the fine. The state contends that whether the trial court lacked authority is irrelevant to this appeal, because the criminal trial court's decision cannot be collaterally attacked in this proceeding. We agree with the state. ORS 138.540(1) provides that, subject to exceptions not applicable to this case, a petition filed pursuant to the Post-Conviction Hearing Act is the exclusive means of mounting a collateral attack on a criminal judgment. *See Mora v. Maass*, 120 Or App 173, 176, 851 P2d 1154, *aff'd* 319 Or 570, 877 P2d 641 (1993) ("A petition for post-conviction relief is the sole method for collaterally challenging the lawfulness of a criminal conviction and sentence."). Plaintiff offers other arguments in his appeal, which we reject without further discussion.

■ We turn to the cross-appeal. The trial court held that the state lacked authority to garnish plaintiff's inmate trust account, reasoning that, under ORS 161.685(6), the state may garnish only when a party obligated to make restitution defaults on the payments. The state argues that the trial court erred, because ORS 29.137(2)(a) provides for the issuance of a writ of garnishment by an attorney when a judgment requiring the payment of money has been entered and does not require proof of default. According to the state, ORS 161.685(6) authorizes garnishment upon default, but does

not require default as a necessary condition of garnishment. Plaintiff contends that ORS 161.685(6) is not merely permissive. He further contends that, because that statute appears to conflict with ORS 29.137(2)(a), the former must prevail over the latter because ORS 161.685(6) is the more specific.

ORS 137.450 provides that a judgment in a criminal action that requires payment of a fine "may be enforced as a judgment in a civil action." ORS 29.137(2)(a) authorizes the issuance of a writ of garnishment to secure money from "[a] person on whose behalf a judgment requiring payment of money has been entered in the register of actions of a court of this state." The statute does not require default as a predicate to the issuance of the writ. ORS 161.685(6) provides:

"A default in the payment of a fine or costs or failure to make restitution or a default on an installment on a fine, costs or restitution may be collected by any means authorized by law for the enforcement of a judgment. The levy of execution or garnishment for the collection of a fine or restitution shall not discharge a defendant confined for contempt until the amount of the fine or restitution has actually been collected."

The statute *authorizes* collection upon default "by any means authorized by law." It does not *require* default as a condition to collection, however. To read the statute to require default would effectively rewrite the statute to mean what it does not say. Doing so also would create a direct conflict with ORS 29.137(2)(a). As a rule, we attempt to construe statutes so as to give effect to all relevant provisions and avoid unnecessary conflicts among them. ORS 174.010.

We conclude that the trial court erred in holding that the state was not authorized to garnish plaintiff's inmate trust account.

Affirmed on appeal; reversed on cross-appeal.