Argued and submitted July 26, 1999, affirmed March 8, petition for review denied May 31, 2000 (330 Or 361)

## STEVEN LONG,
*Appellant,*

*v.*

## Nicholas ARMENAKIS,
Superintendent,
Oregon State Correctional Institution,
*Respondent.*

### (98C-11523; CA A103374)

999 P2d 461

Eric M. Cumfer argued the cause and filed the briefs for appellant.

Ann F. Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Linder, Presiding Judge, and Deits, Chief Judge,* and Brewer, Judge.

LINDER, P. J.

---

* Deits, C. J., *vice* Warren, S. J.

## LINDER, P. J.

Petitioner appeals a judgment dismissing his post-conviction petition on the ground that his claims were barred by the applicable 120-day statute of limitations. He contends that he was excused from filing a timely petition because his post-conviction claims could not reasonably have been raised within 120 days of his conviction. We agree with the trial court that the petition was untimely. We therefore affirm.

In July of 1992, petitioner was indicted on three counts of using a child in a display of sexually explicit conduct and five counts of sexual abuse in the first degree. Two of the sexual abuse counts were based on acts committed in 1976 and 1981. At those times, the relevant statute required the state to prosecute within three years. ORS 131.125(2) (1981). The state did not prosecute petitioner within that time. In 1991, the legislature extended the time period for prosecuting certain offenses, including first-degree sexual abuse, where the victim was under the age of 18 at the time of the crime's commission. Or Laws 1991, ch 388, § 1. Under the amendment, those crimes may be prosecuted anytime before the victim turns 24 years old or within six years after the offense is reported to a law enforcement agency. *Id.* In addition, the legislature provided that the extended time for prosecution applies retroactively. *Id.* at § 2. Relying on the retroactive application of the amendment, the state indicted petitioner in 1992 for the 1981 and 1976 sexual abuse crimes.

Petitioner pleaded guilty to all counts of the indictment, including the revived charges of sexual abuse. He did not challenge the constitutionality of the extended time for prosecuting the sexual abuse charges. Nor did he file a direct appeal. His convictions became final when the judgment was entered on November 18, 1992. Subsequently, on August 15, 1996, the Supreme Court declared that retroactive application of the extended statute of limitations violated the *Ex Post Facto* Clause of Article I, section 21, of the Oregon Constitution. *State v. Cookman,* 324 Or 19, 27, 920 P2d 1086 (1996). On February 19, 1998, petitioner filed a petition for post-conviction relief seeking relief predicated on the holding in *Cookman.*

At the time of petitioner's conviction, ORS 138.510(2) (1991) required a petition for post-conviction relief to be filed within 120 days of the entry of the judgment of conviction unless the grounds for relief "could not reasonably have been raised" within that time period. *See generally Bartz v. State of Oregon*, 314 Or 353, 356-57, 839 P2d 217 (1992) (discussing statute). Here, the 120-day period expired on March 18, 1993. Petitioner did not seek post-conviction relief until almost five years later. In filing his late petition, petitioner relied on the fact that the Supreme Court's decision in *Cookman* did not issue until after the statutory limitation period. The question that we must resolve, then, is whether and under what circumstances a "change in the law" or a new legal pronouncement permits a petition for post-conviction relief to be filed late on the ground that the issue could not reasonably have been raised earlier.

On appeal, the parties renew the arguments they made below. Petitioner contends that, until *Cookman* was authoritatively resolved, he could not reasonably have anticipated the ground on which his post-conviction claims were predicated—*i.e.*, the unconstitutionality of the statute extending the time in which the sexual abuse crimes could be prosecuted.[1] The state responds that petitioner may not have known that he had "an argument that was an absolute, 'for-sure' winner" but that the statutory standard does not require that level of confidence. Instead, the state urges, the statute imposes on a post-conviction petitioner the obligation timely to raise any claim that reasonably can be anticipated, even if the success at the time is uncertain. The state maintains that petitioner could have done so in this instance.

■    We agree with the state that whether an issue reasonably could be anticipated and raised does not depend—at least not in a *per se* way—on whether the issue has been definitively resolved by the courts. Two of our prior

---

[1] In his post-conviction petition, petitioner sought to set aside his two sexual abuse convictions on two grounds: (1) that his guilty pleas were not knowing and voluntary because he did not know that he could successfully defend against the charges by challenging the constitutionality of retroactive application of the extended statute of limitations; and (2) his counsel was ineffective for not anticipating and raising a challenge to those prosecutions on that same ground. Both claims were predicated on the decision in *Cookman*.

cases, in fact, necessarily stand for that proposition. In both *Sumner v. Choate*, 114 Or App 406, 409, 834 P2d 535 (1992), and *Mora v. Maass*, 120 Or App 173, 176, 851 P2d 1154 (1993), *aff'd by an equally divided court* 319 Or 570 (1994), the petitioners received an enhanced criminal sentence based on a particular sentencing guidelines factor. After the 120-day period for filing a petition for post-conviction relief expired, our court declared that particular sentencing factor unconstitutional. *See State v. Moeller*, 105 Or App 434, 806 P2d 130, *rev dismissed* 312 Or 76 (1991) (declaring the "common scheme or network" factor unconstitutionally vague). The petitioners then filed late petitions for post-conviction relief relying on our decision in *Moeller*.[2] In both cases, we determined that the petitioners reasonably could have anticipated and raised their challenge within the 120-day statute of limitations for filing their post-conviction petition. *Sumner*, 114 Or App at 409; *Mora*, 120 Or App at 177. Implicit in our holdings in *Sumner* and *Mora* was our conclusion that a petitioner is not excused from anticipating and raising a claim merely because that claim has not been resolved by an appellate court. Rather, if a claim reasonably can be anticipated, then it must be raised even though the law on the point is not yet settled.

Petitioner attempts to distinguish *Sumner* and *Mora.* He argues that our decision in *Sumner* turned on the fact that the petitioner in fact *had* raised his claim before we decided *Moeller* and that he therefore was in no position to argue that the issue could not reasonably have been raised in a timely petition for post-conviction review. *Sumner*, 114 Or App at 409. The same fact, however, was not at work in *Mora*—that is, we did not suggest that any of the three petitioners in that consolidated case had raised their challenges before filing their post-*Moeller* petitions. Notwithstanding that difference, we concluded that the petitioners in *Mora,* like the petitioner in *Sumner*, reasonably could have raised their challenges within the 120-day time period for filing their post-conviction petitions. Thus, our holdings in *Sumner*

---

[2] In *Mora*, the petitioners actually filed petitions for habeas corpus relief. We treated them as mislabeled petitions for post-conviction relief. 120 Or App at 176.

and *Mora* did not depend on the fact that the issue had been raised before issuance of our decision in *Moeller*. At most, that fact had bearing on the reasonableness of anticipating and raising the issue before an authoritative appellate court resolution of it. Beyond that, *Sumner* and *Mora* necessarily reject petitioner's argument here that, unless and until an appellate court authoritatively resolves a particular issue, it is not reasonable to expect the issue to be raised and asserted as a ground for post-conviction relief.

Petitioner, nevertheless, urges that a late petition is *per se* permissible when a court, after the time for filing a petition has passed, declares a statute on which a conviction depends to be unconstitutional. In support of that argument, petitioner relies on a portion of the Supreme Court's decision in *Bartz* in which the court paraphrased a witness's testimony regarding circumstances that would excuse an untimely petition. The witness's examples included a later judicial declaration of the facial invalidity of a statute upon which a conviction depends.[3] Commenting on the examples mentioned by the witness, the Supreme Court observed:

> "In general, those examples involve information that did not exist or was not reasonably available to a defendant within the 120-day period following conviction. The legislative history thus suggests that the exception in ORS 138.510(2) is meant to be construed narrowly."

*Bartz*, 314 Or at 359.

Contrary to petitioner's position, the court in *Bartz* neither ratified the witness's specific examples nor reached the question presented in this case. The court merely cited

---

[3] The relevant excerpt reads:

"A representative of the Oregon Criminal Defense Lawyers Association testified to the Subcommittee on Civil and Judicial Administration that he would support the 120-day time limitation if an exception were made where 'extraordinary circumstances' were shown. As examples, he mentioned convictions procured by collusion between a prosecutor and a defense lawyer, but coming to light after the limitation period, and situations in which the statute under which the conviction was obtained is later declared facially unconstitutional. Minutes, House Committee on the Judiciary, Subcommittee on Civil and Judicial Administration, June 12, 1989, pp 13-14."

*Bartz*, 314 Or at 359.

the witness's testimony in support of a conclusion that the exception for filing a late petition is to be narrowly construed and limited to "extraordinary circumstances."[4] *Id.* at 358-59. Beyond that, *Bartz* did not purport to decide a question that the circumstances before it did not involve—that is, whether and under what circumstances a court's later invalidation of a statute on which a conviction depends is a ground for a late post-conviction filing. We therefore reject petitioner's argument that *Bartz* compels a conclusion that his petition was *per se* timely in this circumstance.

The question remains whether petitioner's specific claims in this case could have been raised in a timely petition. In that regard, *Sumner* and *Mora* provide only limited guidance. The discussions in those cases addressed the specific claim presented by the petition (the validity of the particular sentencing guidelines factor) and did not examine more generally the meaning of the statute's reference to "grounds for relief asserted which could not reasonably have been raised." ORS 138.510(2).

■ The standard, however, is a familiar one in the area of Oregon post-conviction remedies, and there is significant guidance in our settled jurisprudence. ORS 138.550(2) has long permitted a petitioner who filed a direct appeal from his or her conviction to base a post-conviction petition on claims that "could not reasonably have been asserted" on direct appeal. The same standard implicitly applies to petitioners who did not pursue a direct appeal; they, too, may assert only claims that they could not have reasonably raised on direct appeal if they had filed one. *North v. Cupp*, 254 Or 451, 461 P2d 271 (1969). That standard provides only narrow grounds for excusing a failure to raise an issue at trial or on appeal that is later asserted in the post-conviction petition. *See generally Davis v. Thompson,* 154 Or App 250, 253-54, 961 P2d 911, *rev den* 327 Or 621 (1998). It is aimed at situations analogous to those in which a party is excused from preserving an issue at trial as a predicate to raising it later. *Palmer*

---

[1] It is worth noting, moreover, that the Supreme Court generally has eschewed giving much, if any, weight to the testimony of a single witness—and certainly one that opposes or only conditionally supports legislation—in interpreting a statute's meaning. *See generally State v. Guzek*, 322 Or 245, 260-61, 906 P2d 272 (1995) (isolated statements made by a single witness do not reflect legislative intent).

*v. State of Oregon*, 318 Or 352, 358, 867 P2d 1368 (1994) (citing *North*, 254 Or at 459).

> " 'The most common illustration is where the objection could conceivably have been made but could not reasonably have been expected. Examples are where the right subsequently sought to be asserted was not generally recognized to be in existence at the time of trial; where counsel was excusably unaware of facts which would have disclosed a basis for the assertion of the right; and where duress or coercion prevented assertion of the right.' "

*Id.* at 357 (quoting *North*, 254 Or at 456-57).

■■ Consequently, when a new constitutional principle has been articulated between the time of a petitioner's direct appeal and the post-conviction proceeding, a claim based on the new constitutional principle will be considered in the post-conviction proceeding even though it was not raised at trial or on appeal. *See, e.g., Twitty v. Maass*, 96 Or App 631, 773 P2d 1336 (1989); *Pettibone v. Cupp*, 43 Or App 955, 959, 607 P2d 742 (1979), *rev den* 289 Or 45 (1980). The same result does not necessarily follow where the constitutional principle is an acknowledged one, and the uncertainty is in its scope or application to a particular circumstance. The touchstone is not whether a particular question is *settled*, but whether it reasonably is to be *anticipated* so that it can be raised and settled accordingly. *See, e.g., Kniss v. Cupp*, 27 Or App 815, 818, 558 P2d 364 (1976), *rev den* 277 Or 491 (1977) (where, at time of trial, case law had established right to counsel at post-indictment lineup, and courts only later extended same right to pre-indictment lineup, issue reasonably could have been anticipated and raised). The more settled and familiar a constitutional or other principle on which a claim is based, the more likely the claim reasonably should have been anticipated and raised. Conversely, if the constitutional principle is a new one, or if its extension to a particular statute, circumstance, or setting is novel, unprecedented, or surprising, then the more likely the conclusion that the claim reasonably could not have been raised.

We adhere to those general guidelines in determining whether, under ORS 138.510(2), a claim raised in a late post-conviction petition reasonably could not have been

raised timely. In this case, petitioner's claims do not excuse his late petition. Petitioner is correct that he could not have been aware of our or the Supreme Court's *decisions* in *Cookman* within the 120-day limit for seeking post-conviction relief of his convictions.[5] But the constitutional principle at stake (*ex post facto* prohibition against retroactive legislation) was not novel or nascent. Nor was there anything unprecedented or surprising in the idea that an *ex post facto* challenge might lie against a statute reviving and permitting prosecution of cases that under the prior law were no longer subject to prosecution. To be sure, the answer to that challenge was open to debate, and petitioner had no assurance that his challenge, if raised, would prevail. But, as we have emphasized, the test is not whether the law is settled; it is only whether the issue was reasonable to anticipate and raise. Here, it was.

■　　Finally petitioner argues that his late petition should be excused because he was not *personally* aware that the extended statute of limitations might be unconstitutional. In his petition, petitioner alleged that he was never told that he might be able to challenge the state's ability to prosecute him on the sexual abuse charges, that he did not in fact know of a possible challenge to the prosecution, and that he was incarcerated and had no counsel from the time of his sentencing until 1997, when he obtained representation in connection with his parole violation. The attorney representing him on that matter discovered and advised petitioner of his possible challenge under *Cookman*. Petitioner evidently believes that his failure to seek legal advice or representation in connection with a possible post-conviction petition, and the fortuity of his later obtaining counsel on an unrelated matter who identified a possible basis for a post-conviction claim, means that he should be held to a different standard. The statute provides no basis for petitioner's assertion, and we decline to

---

[5] We issued our decision holding unconstitutional the retroactive application of the extended limitation period on April 23, 1994. *State v. Cookman*, 127 Or App 283, 873 P2d 335 (1994), *aff'd* 324 Or 19, 920 P2d 1086 (1996). As the facts make apparent, the petition was not filed until almost four years after our decision in *Cookman* and approximately a year and a half after the Supreme Court issued its decision. The state argues that, even if petitioner's late filing was excused, he was not entitled to delay that long after *Cookman* was finally decided. Because of our disposition, we do not reach that or the other issues raised by the parties.

adopt a standard of actual knowledge for a person who forgoes legal representation or advice and remains, by his own choice, ignorant of possible grounds for seeking post-conviction relief. If a petitioner is not entitled to rely on an attorney's wrong advice or failure to advise as a ground for a late petition, then surely he is not entitled to rely on his failure to obtain an attorney and seek out any advice whatsoever. *See Bartz*, 314 Or at 360 (failure of counsel to advise defendant of all available statutory defenses did not establish that claim for relief could not reasonably have been raised timely); *Brown v. Baldwin,* 131 Or App 356, 360-61, 885 P2d 707 (1994), *rev den* 320 Or 507 (1995) (information about 120-day statutory deadline for filing post-conviction petition was "reasonably available" to petitioner even though his attorney advised him that he had three years to file).

Affirmed.