Argued and submitted July 2, reversed October 21, 2009, petition for review denied
February 4, 2010 (347 Or 608)

## ROBERT ZANE BOGLE,
*Petitioner-Respondent,*

*v.*

## Brian BELLEQUE,
Superintendent,
Oregon State Penitentiary,
*Respondent-Appellant.*

## Marion County Circuit Court
06C13072; A137230

220 P3d 63

Timothy A. Sylwester, Attorney-in-Charge, Capital Cases, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Andrew S. Chilton argued the cause for respondent. On the brief were Patrick M. Ebbett and Chilton, Ebbett & Galli, LLC.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

PER CURIAM

**PER CURIAM**

Defendant appeals a judgment granting petitioner post-conviction relief. This was petitioner's third petition for post-conviction relief. The post-conviction court considered the merits of the petition and concluded that petitioner could not reasonably have raised the argument made in the petition either on direct appeal or in a previous petition. We disagree and reverse.

In 1994, petitioner was convicted of four counts of kidnapping, two counts of robbery, two counts of assault, and one count each of burglary, unauthorized use of a vehicle, and felon in possession of a firearm. Petitioner appealed from that judgment of conviction, and we affirmed in 1996. Also in 1996, petitioner filed his first petition for post-conviction relief, which was denied. Petitioner appealed from that denial, and we affirmed in 2000. Petitioner filed a second petition for post-conviction relief in 2004, which was dismissed. Petitioner appealed from that dismissal, and we affirmed in 2007.

In 2006, petitioner filed a third petition for post-conviction relief, which is the subject of this appeal. Relying on *State v. Wolleat*, 338 Or 469, 474-75, 111 P3d 1131 (2005), petitioner argued to the post-conviction court that his kidnapping convictions are invalid because his asportation of the victims was merely incidental to his commission of the robberies and assaults. In *Wolleat*, the Supreme Court reversed the defendant's kidnapping conviction where the defendant's movement of the assault victim was merely incidental to the assault and was not intended to interfere substantially with her liberty. Petitioner further argued that he could not reasonably have raised such an argument until the Supreme Court decided *Wolleat* in 2005. The post-conviction court agreed with petitioner and granted a new trial on the kidnapping charges.

■ When a petitioner has obtained direct appellate review and filed a petition for post-conviction relief, as petitioner in this case did, the petitioner may not seek additional post-conviction relief unless the grounds for relief asserted could not reasonably have been raised on direct review or in an earlier post-conviction petition. ORS 138.550(2), (3); *see*

*also Long v. Armenakis*, 166 Or App 94, 100-02, 999 P2d 461, *rev den*, 330 Or 361 (2000) (stating that an untimely petition would not be permitted "where the constitutional principle is an acknowledged one").

■ Here, the Supreme Court unmistakably identified the potential issue that petitioner now seeks to raise as early as 1980. In *State v. Garcia*, 288 Or 413, 420, 605 P2d 671 (1980), the court explained that the legislature "intended that there be no conviction of the defendant for the separate crime of kidnapping where the detention or asportation of the victim is merely incidental to the accomplishment of another crime[.]" Indeed, defendants have repeatedly made this argument in the years between *Garcia* and *Wolleat. See, e.g., State v. Montgomery*, 50 Or App 381, 385, 624 P2d 151, *rev den*, 290 Or 727 (1981) ("Defendant * * * contend[s] that his detention of the victim was merely incidental to his other crimes and was too brief to constitute 'kidnapping.' ").

In sum, petitioner's present petition is precluded for either of two reasons: (1) he reasonably could have raised this issue on direct appeal; (2) even if that were not so, it is an issue that could have been raised in the earlier petition for post-conviction relief.

Reversed.