226 November 15, 2023 No. 606

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

RICHARD HENRY JOHNSON, JR.,
*Plaintiff-Appellant,*

*v.*

Jamie MILLER,
Superintendent, Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
23CV12171; A181287

Lung S. Hung, Judge.

Submitted October 6, 2023.

Richard Henry Johnson, Jr. filed the brief *pro se*.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna Hershey, Assistant Attorney General filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagan, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Plaintiff appeals from a judgment dismissing his petition for a writ of habeas corpus. Plaintiff's petition included six claims for relief, which alleged that his underlying conviction and sentence were unlawful as a result of lack of subject matter jurisdiction, lack of personal jurisdiction, an invalid arrest warrant, prosecutorial misconduct (two claims), and a material variance between indictments. The court granted the superintendent's motion to deny the petition, explaining that plaintiff's claims "either challenge the lawfulness of the underlying judgment or the proceedings to which it is based. Such challenge is not appropriate for habeas corpus since timely alternate remedies exist, such as post-conviction relief and the appeals process."

On appeal, plaintiff advances arguments regarding the merits of his claims. The superintendent responds that the law is well settled that habeas is not a means of collaterally attacking the underlying conviction in this circumstance, and that the court did not err in dismissing the petition. *See* ORS 138.540(1) ("Except as otherwise provided in ORS 138.510 to 138.680, a petition pursuant to ORS 138.510 to 138.680 shall be the exclusive means, after judgment rendered upon a conviction for a crime, for challenging the lawfulness of such judgment or the proceedings upon which it is based."); *Mora v. Maass*, 120 Or App 173, 176, 851 P2d 1154 (1993), *aff'd by an equally divided court*, 319 Or 570, 877 P2d 641 (1994) ("[P]ost-conviction relief is the sole method for collaterally challenging the lawfulness of a criminal conviction and sentence."). We agree with the superintendent and affirm the judgment of dismissal.

Affirmed.