Argued and submitted February 2, affirmed June 6, 2001

# STATE OF OREGON,
## *Respondent,*

*v.*

# DONALD EDWARD DIMOCK,
## *Appellant.*

## 99P-3215; A109763

27 P3d 1048

Joseph E. Penna argued the cause and filed the brief for appellant.

Kaye E. McDonald argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

**KISTLER, J.**

Defendant appeals from a conviction for encouraging child sex abuse. He assigns error to the trial court's denial of his demurrer, arguing that the statute under which he was convicted violates Article I, section 8, of the Oregon Constitution. We affirm.

Defendant left his personal computer at a repair shop to have it fixed. While working on the computer, a repair shop employee discovered that the hard drive contained downloaded pictures of minor children involved in sexually explicit conduct. The employee notified law enforcement officials, who, after searching the computer and its hard drive, learned that defendant had downloaded the pictures and had sent copies of the pictures to other persons by electronic mail. Defendant was charged with "duplicat[ing] computerized photographs of sexually explicit conduct involving a child" in violation of ORS 163.684. That statute provides, in relevant part:

"(1) A person commits the crime of encouraging child sexual abuse in the first degree if the person:

"(a)(A) Knowingly develops, duplicates, publishes, prints, disseminates, exchanges, displays, finances, attempts to finance or sells any photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child or possesses such matter with the intent to develop, duplicate, publish, print, disseminate, exchange, display or sell it; * * *

"* * * and

"(b) Knows or is aware of and consciously disregards the fact that creation of the visual recording of sexually explicit conduct involved child abuse."

Before trial, defendant demurred on the ground that ORS 163.684 violates Article I, section 8, of the Oregon Constitution, and is "unconstitutionally vague."[1] The trial court

---

[1] Defendant does not identify the constitutional basis for his vagueness claim, but it presumably rests on Article I, section 21, and Article I, section 20, of the Oregon Constitution, and the Due Process Clause of the federal constitution. *See State v. Robertson,* 293 Or 402, 408, 649 P2d 569 (1982).

overruled the demurrer. Defendant then waived his right to a jury trial and stipulated to the facts set out above. The trial court found defendant guilty, and defendant appealed, assigning error to the court's decision to overrule the demurrer.

We begin with defendant's free expression claim. In *State v. Stoneman*, 323 Or 536, 920 P2d 535 (1996), the Supreme Court held that a similar statute, *former* ORS 163.680, *repealed by* Or Laws 1995, ch 768, § 16, did not violate Article I, section 8. That statute provided, in relevant part:

> "(1)   It is unlawful for any person to pay, exchange or give anything of value to observe sexually explicit conduct by a child known by the person to be under 18 years of age, or to pay or give anything of value to obtain or view a photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child."

Although the statute was not written in terms of the harmful effects it sought to prevent, the court concluded that the statute's actual focus was on an effect or harm that may be proscribed rather than on the content of the material itself. *Stoneman*, 323 Or at 545 ("it is clear that ORS 163.680 (1987) was concerned with harm to children"). Put another way, the purchase of certain materials was not prohibited because of the communicative substance of the materials. *Id.* at 548-50. Moreover, the "very limited pool of communicative materials" that the statute reached were materials "whose production and, by extension, use, necessarily involve the harming of a child." *Id.*

Following *Stoneman*, we held that *former* ORS 163.672, *repealed by* Or Laws 1995, ch 768, § 16, which prohibited the possession of photographs and other visual recordings of sexually explicit conduct involving a child,[2] did not violate Article I, section 8. *State v. Ready*, 148 Or App

---

[2] *Former* ORS 163.672 provided, in relevant part:

"(1)  A person commits the crime of possession of a depiction of sexual conduct involving a child if the person knowingly possesses or controls any photograph, motion picture, videotape or other visual recording of sexually explicit conduct involving a child."

149, 159-60, 939 P2d 117 (1997). We reasoned that the statute was directed at an effect, not at the content of speech. We explained that the statute prohibited:

> "the possession of certain communicative materials, not in terms of their communicative substance, but in terms of their status as a product of acts that have necessarily harmed children. The ability to possess and use the material is made possible only by the sexual abuse of children, which is, of course, harmful to children."

*Id.* at 160. We also explained that, although the statute lacked the commercial aspect that was present in the statute in *Stoneman*, the statute was nonetheless "similarly concerned with eliminating the incentive for creating such reproductions. Without a consumer to lawfully possess and use the product, the incentive to produce such videos is destroyed." *Id.* We accordingly held that *former* ORS 163.672 was narrowly focused on prohibiting a harm that the legislature legitimately may proscribe. *Id.*

■■ In this case, defendant argues that ORS 163.684 differs from the statute at issue in *Stoneman* because it is not limited to the "*commercial* exploitation" of child pornography but reaches "*any* type of dissemination or duplication, with or without value." (Emphasis in original.) It follows, defendant reasons, that the statute is not focused on an effect and is overbroad. Defendant's argument cannot be squared with our opinion in *Ready*. If the state may constitutionally prohibit the mere possession of visual recordings of sexually explicit conduct involving a child, as we held in *Ready*, it may also prohibit their duplication and distribution. Duplication and distribution necessarily imply possession, and the statute is focused as narrowly on an effect that the legislature may proscribe as the statute in *Ready*.

■■ Defendant also argues that "ORS 163.684 is unconstitutionally vague in that it fails to warn a person of reasonable intelligence as to what conduct is prohibited." Defendant focuses on the statutory phrase "visual recording" and appears to argue that the phrase could include virtual or computer generated images in which no actual child abuse occurred. It follows, he reasons, that a reasonable person cannot be certain what the statute proscribes and, in some cases,

might not know whether the computer images that he or she downloaded were real or virtual. We note that defendant's demurrer presents a facial vagueness challenge and is based solely on the proposition that the statute does not provide defendants with sufficient notice of the conduct that it prohibits.[3]

The phrase "visual recording," when read in context, is not vague. ORS 163.684 prohibits duplicating "any photograph, motion picture, videotape, or other visual recording of sexually explicit conduct involving a child." The specific types of recordings that the statute prohibits make clear that the general reference to "other visual recording[s]" is limited to visual recordings that involve real children and real abuse, not images that are "virtual" or "invented." *See Stoneman*, 323 Or at 540 n 3 (applying the doctrine of *ejusdem generis* to a virtually identical statutory phrase). Moreover, ORS 163.684 applies only when the defendant "knows or is aware of and consciously disregards the fact that creation of the visual recording of sexually explicit conduct involved child abuse." Under the express terms of the statute, the question whether a defendant knew or was aware that a specific recording was real or merely a virtual image presents an issue of proof in a specific case, not a basis for a facial vagueness challenge. *See State v. Chakerian*, 325 Or 370, 381-82, 938 P2d 756 (1997). Defendant's facial vagueness challenge fails.[4]

Affirmed.

---

[3] The state rule against vague laws rests on two separate constitutional premises: It provides defendants notice—a "reasonable degree of certainty"—of the conduct that the statute prohibits and it also prevents the unfettered exercise of discretion in enforcing and applying the law. *State v. Chakerian*, 325 Or 370, 382, 938 P2d 756 (1997).

[4] We have also considered defendant's argument that the court should have granted his demurrer because the indictment was not definite and certain. We affirm the trial court's ruling on that issue without discussion.