Submitted December 8, 2014, affirmed June 29, petition for review denied
October 20, 2016 (360 Or 465)

TRAVIS JOHN HARDIN,
*Petitioner-Appellant,*

*v.*

Christine POPOFF,
Superintendent,
Columbia River Correctional Institution,
*Defendant-Respondent.*

Multnomah County Circuit Court
111013811; A151853

379 P3d 593

Jason L. Weber filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Matthew J. Preusch, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Egan, Judge, and DeHoog, Judge.

## DEHOOG, J.

Petitioner appeals the dismissal of his petition for post-conviction relief filed pursuant to ORS 138.510. He assigns error to the post-conviction court's conclusion that his petition was time barred under ORS 138.510(3), which presumptively requires a petitioner to file for relief within two years after entry of judgment. Petitioner argues that his claim falls within an exception to that statute of limitations, which allows him to assert "grounds for relief * * * which could not reasonably have been raised" within the time allowed. *See* ORS 138.510(3). The state contends that petitioner could reasonably have raised his claim within that time and that the court, therefore, properly dismissed his petition. For the reasons that follow, we agree that petitioner's claim is untimely and, accordingly, affirm.

The relevant facts are procedural and undisputed. Petitioner pleaded guilty to four counts of encouraging child sexual abuse in violation of ORS 163.686 (2007), *amended by* Or Laws 2011, ch 515, § 4,[1] based on allegations that he had "possess[ed]" or "control[led]" images of child pornography. The trial court entered the resulting judgment of conviction in April 2007. Petitioner's charges arose when the police conducted a forensic search of his computer that revealed images of child pornography located on the unallocated space of the computer's hard drive.[2] Those images saved automatically to the hard drive when petitioner searched for them on the internet and viewed them on his computer; petitioner did not download the images or know that his computer was storing copies of them each time that he viewed them.

---

[1] All references in this opinion are to ORS 163.686 (2007), which was the version of the statute in effect at the time of petitioner's prosecution. That statute provided, in relevant part:

"(1) A person commits the crime of encouraging child sexual abuse in the second degree if the person:

"(a)(A)(i) Knowingly possesses or controls any photograph * * * of sexually explicit conduct involving a child for the purpose of arousing or satisfying the sexual desires of the person or another person."

[2] Unallocated space on a hard drive is not accessible to the average user, but may be retrieved using special data recovery software. *State v. Ritchie*, 349 Or 572, 577, 248 P3d 405 (2011) (*Ritchie II*).

Petitioner did not appeal his convictions, nor did he file for post-conviction relief within two years after the April 2007 entry of judgment. *See* ORS 138.510(3) (time period to file petition for post-conviction relief).

In May 2009, we decided *State v. Ritchie*, 228 Or App 412, 208 P3d 981 (2009) (*Ritchie I*), rev'd, 349 Or 572, 248 P3d 405 (2011) (*Ritchie II*). In that case, we held that a person possesses or controls an image within the meaning of ORS 163.686(1) "when a person discovers the presence of that recording on the Internet and causes that recording to appear on a specific computer monitor." *Id.* at 419. We rejected the defendant's argument that a person does not possess or control an image by merely viewing that image on a computer screen. *Id.* at 418-20. We rejected a similar argument without opinion in *State v. Barger*, 233 Or App 621, 226 P3d 718 (2010) (*Barger I*), rev'd, 349 Or 553, 247 P3d 309 (2011) (*Barger II*).

In January 2011, the Supreme Court reversed our decisions in *Ritchie I* and *Barger I*, and held that merely viewing an image of child pornography on a computer screen did not constitute encouraging child sexual abuse under ORS 163.686(1). *Barger II*, 349 Or at 567; *Ritchie II*, 349 Or at 582-83. Specifically, in *Barger II*, the court held that, under the version of the statute then in effect, accessing and viewing images of child pornography on the internet, without more, was insufficient to establish possession or control of those images, even if the viewer's computer automatically saved temporary copies of them. 349 Or at 556-67. Similarly, in *Ritchie II*, the court concluded that, under the facts of that case, images of child pornography located on the unallocated portion of the defendant's hard drive could not subject the defendant to criminal liability for possession or control when there was no proof that the defendant had done anything more than view those images. 349 Or at 584-85.

In October 2011, petitioner filed a petition for post-conviction relief that asserted a violation of his due process rights under the Fourteenth Amendment to the United States Constitution. His petition claimed that he had not voluntarily and intelligently entered his guilty pleas, because,

under the substantive law newly announced in *Ritchie II* and *Barger II*, he was factually innocent.

The state moved to dismiss the petition as untimely based on ORS 138.510(3), which provides, in part:

> "A petition pursuant to ORS 138.510 to 138.680 [the Post-Conviction Hearing Act] must be filed within two years of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:

> "(a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register."

Petitioner argued to the post-conviction court that his claim could not reasonably have been raised within the two-year limitations period and that it therefore fell within the "escape clause" of ORS 138.510(3). *See Benitez-Chacon v. State of Oregon*, 178 Or App 352, 355, 37 P3d 1035 (2001), *rev den*, 334 Or 76 (2002) (describing statutory exception to time limit as an "escape clause"). Specifically, petitioner asserted that no statutory or decisional law had construed the terms "possess[ion]" or "control[]" prior to *Ritchie II* and *Barger II*. In his view, because those cases announced new law and did not issue until the two-year limitations period had expired in his case, ORS 138.510(3) did not bar his petition for relief. The state countered that, even though *Ritchie II* and *Barger II* announced new law, those cases did not establish "watershed" law. Thus, the state argued, petitioner could reasonably have raised his claims before those decisions issued, and the escape clause did not apply.

In a written order, the post-conviction court concluded that, while the Supreme Court's rulings in *Ritchie II* and *Barger II* were not available to petitioner within the applicable timeframe, he nonetheless could reasonably have anticipated that the issue of what constituted possession or control under ORS 163.686(1) would arise as a question of law. Therefore, he could have raised that issue within the two-year limitations period of ORS 138.510(3). As a result, the court dismissed the petition for post-conviction relief with prejudice.

Petitioner assigns error to that conclusion and largely renews the arguments that he made to the post-conviction court. Petitioner contends that he could not reasonably have raised his claim prior to *Ritchie II* and *Barger II*. In effect, he reasons that, as a lay person, he could not have recognized the technology-based defense announced in *Ritchie II* and *Barger II* until the Supreme Court issued those decisions several years after his convictions. He argues that the Supreme Court's newly announced interpretation of ORS 163.686(1) in those cases excuses the late filing of his petition for post-conviction relief, because, in his view, that interpretation was novel and surprising. Petitioner alternatively urges us to equate the escape clause of ORS 138.510(3) with the standard for ineffective assistance of counsel, such that, if petitioner's attorney was not constitutionally deficient for failing to anticipate and raise the issue in the trial court, then he could not reasonably have been expected to anticipate and raise that same issue in a petition for post-conviction relief.

For its part, the state does not rely on its "watershed" law argument on appeal. Instead, the focus of the state's argument is that the mere fact that no appellate court had conclusively resolved the issue underlying petitioner's claim until May 2009 does not excuse his untimely filing. The state acknowledges that *Ritchie II* and *Barger II* announced new law. The state points out, however, that, during the two years following petitioner's conviction, no decisional law *foreclosed* petitioner's argument. The state further argues that the claim itself—that petitioner did not possess or control the images automatically stored on his computer—was based on a familiar principle. Thus, the state argues that petitioner was required to timely raise his claim. As additional support for its argument that petitioner reasonably could have raised his claim by April 2009, the state notes that the defendant in *Ritchie I* raised the precise legal argument that petitioner now asserts, and raised that argument well before petitioner's deadline to file for post-conviction relief.

It is undisputed that petitioner did not file his claim for relief within the two years following entry of judgment in his case. Therefore, the only question in this appeal is

whether petitioner could reasonably have raised his claim within the prescribed two-year period. *See* ORS 138.510(3). For the reasons that follow, we conclude that petitioner could, in fact, reasonably have raised his claim within that timeframe and that ORS 138.510(3) therefore bars his petition for relief.

We review the post-conviction court's legal conclusions for legal error. ORS 138.650; ORS 138.220 (scope of review for post-conviction relief); *Cunningham v. Thompson*, 186 Or App 221, 226, 62 P3d 823, *adh'd to as modified on recons*, 188 Or App 289, 71 P3d 110 (2003), *rev den*, 337 Or 327 (2004). Whether an appeal is time barred under ORS 138.510(3) is a question of law. *See Bartz v. State of Oregon*, 314 Or 353, 356-58, 839 P2d 217 (1992) (applying that standard).

As noted, ORS 138.510(3) requires a petitioner to file for post-conviction relief within two years of entry of the judgment of conviction, unless the grounds for relief "could not reasonably have been raised" during that period. ORS 138.510(3); *see Benitez-Chacon*, 178 Or App at 359. The escape clause in ORS 138.510(3) applies only in "extraordinary circumstances" and is to be construed narrowly. *Bartz*, 314 Or at 358-59.

*Long v. Armenakis*, 166 Or App 94, 97-103, 999 P2d 461, *rev den*, 330 Or 361 (2000), sets forth our analysis for determining when the escape clause in ORS 138.510(3) allows an otherwise untimely claim to proceed. *See Verduzco v. State of Oregon*, 357 Or 553, 571, 355 P3d 902 (2015) ("We cannot improve on the Court of Appeals' summary of [the analysis required to determine whether a claim could reasonably have been raised] and adopt its summary [from *Long*] as our own."). In *Long*, the petitioner had committed a number of sexual offenses, at least two of which occurred when the statute of limitations for those offenses was three years. 166 Or App at 96. The legislature later retroactively extended the time period for prosecuting those offenses. *Id.* After the original three-year statute of limitations had expired, the state relied on the extended statute of limitations and indicted the petitioner. *Id.* The petitioner did not challenge the state's reliance on the new statute of

limitations, but, instead, pleaded guilty. *Id.* In November 1992, the court entered a judgment of conviction that the petitioner did not appeal. *Id.* However, in February 1998, after the Supreme Court had declared the *ex post facto* application of the amended statute of limitations unconstitutional in *State v. Cookman*, 324 Or 19, 27, 920 P2d 1086 (1996), the petitioner filed for post-conviction relief. *Long*, 166 Or App at 96. He argued that his claims were not time barred, because he could not reasonably have been expected to raise them before the Supreme Court issued its decision in *Cookman. Id.* at 97. When the post-conviction court nonetheless dismissed his petition on timeliness grounds, the petitioner appealed, requiring us to determine "whether and under what circumstances a change in the law or a new legal pronouncement permits a petition for post-conviction relief to be filed late on the ground that the issue could not reasonably have been raised earlier." *Id.*

We concluded that the petitioner's claims for relief did not fall under the narrow exception in ORS 138.510(3). *Id.* at 102. We first reasoned that "a petitioner is not excused from anticipating and raising a claim merely because that claim has not been resolved by an appellate court. Rather, if a claim reasonably can be anticipated, then it must be raised even though the law on the point is not yet settled." *Id.* at 98; *see Mora v. Maass*, 120 Or App 173, 177, 851 P2d 1154 (1993), *aff'd by equally divided court*, 319 Or 570, 877 P2d 641 (1994) (fact that appellate courts had not resolved a claim did not excuse petitioner from anticipating and raising it); *Sumner v. Choate*, 114 Or App 406, 408-09, 834 P2d 535 (1992) (same).

After deciding that the lack of controlling appellate authority on the petitioner's specific *ex post facto* argument did not categorically excuse his late filing, we further examined the meaning of the phrase "could not reasonably have been raised." *Long*, 166 Or App at 97-98, 100-01. We explained:

> "That standard * * * is aimed at situations analogous to those in which a party is excused from preserving an issue at trial as a predicate to raising it later. *Palmer v. State of Oregon*, 318 Or 352, 358, 867 P2d 1368 (1994) (citing *North [v. Cupp*, 254 Or 451, 461, 461 P2d 271 (1969)]).

> "'The most common illustration [of a claim which could not reasonably be anticipated] is where the objection could conceivably have been made but could not reasonably have been expected. Examples are where the right subsequently sought to be asserted was not generally recognized to be in existence at the time of trial; where counsel was excusably unaware of facts which would have disclosed a basis for the assertion of the right; and where duress or coercion prevented assertion of the right.'

"*Id.* at 357 (quoting *North*, 254 Or at 456-57)."

*Long*, 166 Or App at 100-01. Thus, for example, when a court later articulates a new constitutional principle, a claim "could not reasonably have been raised" within the meaning of ORS 138.510(3), because the right sought to be asserted was not previously recognized to exist. *Id.* at 101; *see Twitty v. Maass*, 96 Or App 631, 633-34, 773 P2d 1336 (1989) (petitioner could not reasonably have asserted on direct appeal his claim of ineffective counsel based on a constitutional principle first articulated after the filing deadline for his appeal); *cf. Lerch v. Cupp*, 9 Or App 508, 515, 497 P2d 379 (1972) (phrase "could not reasonably have been asserted" "should not be construed as an inflexible standard meant to be used as a procedural bludgeon to preclude the curing of defects of such magnitude as to render the conviction and imprisonment thereon unconstitutional" (internal quotation marks omitted)).

But, as we also made clear in *Long*, not every change in the law is one that could not reasonably have been anticipated:

> "The same result does not necessarily follow where the [newly announced] constitutional principle is an acknowledged one, and the uncertainty is in its scope or application to a particular circumstance. The touchstone is not whether a particular question is *settled,* but whether it reasonably is to be *anticipated* so that it can be raised and settled accordingly. *See, e.g., Kniss v. Cupp*, 27 Or App 815, 818, 558 P2d 364 (1976), *rev den*, 277 Or 491 (1977) (where, at time of trial, case law had established right to counsel at post-indictment lineup, and courts only later extended same right to preindictment lineup, issue reasonably could have been anticipated and raised). The more settled and

familiar a constitutional or other principle on which a claim is based, the more likely the claim reasonably should have been anticipated and raised. Conversely, if the constitutional principle is a new one, or if its extension to a particular statute, circumstance, or setting is novel, unprecedented, or surprising, then the more likely the conclusion that the claim reasonably could not have been raised."

166 Or App at 101 (emphases in original). Applying those principles to the facts of the case, we concluded that

"the constitutional principle at stake (*ex post facto* prohibition against retroactive legislation) was not novel or nascent. Nor was there anything unprecedented or surprising in the idea that an *ex post facto* challenge might lie against a statute reviving and permitting prosecution of cases that under the prior law were no longer subject to prosecution."

*Id.* at 102. Thus, under *Long*, whether a change in the law is one that could not reasonably have been anticipated depends upon the particular circumstances in which the change arose. *Id.*; *see Verduzco*, 357 Or at 566 (question of what could reasonably have been anticipated "calls for a judgment about what was 'reasonable' under the circumstances"); *Walton v. Thompson*, 196 Or App 335, 350, 102 P3d 687 (2004), *rev den*, 338 Or 375 (2005) (explaining that "the question is one of reasonableness, depending on the circumstances of the particular case").

We applied *Long* in *Walton*, where we considered whether a post-conviction petitioner could reasonably have anticipated and raised a specific merger issue on direct appeal, even though adverse authority from our court would have dictated the outcome. 196 Or App at 347-48. In *Walton,* the petitioner had raised his merger argument before the sentencing court, but acknowledged that his position was foreclosed by our decision in *State v. Hessel*, 117 Or App 113, 122, 844 P2d 209 (1992), *rev den*, 318 Or 26 (1993). *Walton,* 196 Or App at 337-38. The petitioner did not appeal the trial court's refusal to merge his sentences on that ground but, instead, sought post-conviction relief after the Supreme Court decided *State v. Barrett*, 331 Or 27, 36-37, 10 P3d 901 (2000), and overruled *Hessel*. *Walton*, 196 Or App at 337-39.

Notwithstanding that change in controlling precedent, however, the post-conviction court concluded that, because the petitioner had not raised the merger issue on appeal, ORS 138.550(2)[3] barred his claim. *Id.* at 339.

On appeal from that ruling, we acknowledged that, in light of *Barrett*, the petitioner's merger argument would have been successful if applied in his post-conviction proceeding. *Id.* at 340. Nonetheless, we affirmed the dismissal of that claim. *Id.* at 351. Specifically, we held that our preexisting authority in *Hessel* did not excuse the petitioner from raising the merger issue on direct appeal. *Id.* at 347-51.

In reaching that conclusion, we again rejected a categorical approach in determining when a post-conviction claim is one that could reasonably have been anticipated and raised. *Id.* at 348-50. Thus, rather than holding that controlling precedent from our court does—or does not—render the failure to raise an issue on appeal "reasonable," we considered both the circumstances surrounding the appellate decision and the procedural history of the petitioner's case. *Id.* Among other considerations, we noted that *Hessel* was our sole precedent on the issue, that it addressed a novel issue of statutory construction, and that the issue had not been ruled upon by the Supreme Court. *Id.* at 350. We also found it significant, though not dispositive, that the petitioner had raised the merger issue in the trial court; that fact necessarily weighed against the argument that, to raise the issue on appeal, the petitioner would have had to anticipate a new principle of law or the application of that principle in a novel, unprecedented, or surprising manner. *Id.* In light of the considerations articulated in *Long*, the petitioner had not established that he could not reasonably have asserted the merger issue on direct appeal. *Id.* at 351. Accordingly, the escape clause did not apply, and we affirmed the dismissal of the petitioner's post-conviction claim. *Id.*

---

[3] ORS 138.550(2) provides, in relevant part:

"When the petitioner sought and obtained direct appellate review of the conviction and sentence of the petitioner, no ground for relief may be asserted by petitioner in a petition for relief under ORS 138.510 to 138.680 [Post-Conviction Hearing Act] unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding."

Here, both parties rely on *Long*, but reach opposite conclusions. Petitioner argues that this case involves the application of a principle of law—the statutory meaning of "possesses or controls"—in a "novel, unprecedented, or surprising" manner. *See Long*, 166 Or App at 101-02 (change in the law could reasonably have been anticipated when it was not novel, nascent, or surprising). In petitioner's view, his post-conviction claim relies upon a "novel" issue within the meaning of *Long*, because, before *Richie II* and *Barger II*, "only a person familiar with how data is stored on a hard-drive would have understood whether those images are under the 'possession and control' of a defendant." Further, he contends, the Supreme Court's interpretation of ORS 163.686 was no doubt "surprising," at least to us, given our contrary reading of the statute two years before. *See Ritchie I*, 228 Or App at 419. The state responds that, as in *Long*, the issue here may have been "open to debate" prior to *Ritchie II* and *Barger II*, but those cases did not announce "novel or nascent" legal concepts, even though neither we nor the Supreme Court had previously considered the relevant statutory terms in this particular context. The state has the better argument.

As the state points out, the lack of appellate law on point is not dispositive. *See Long*, 166 Or App at 97-98. Rather, we must ask whether petitioner's claim could reasonably have been anticipated even though no appellate court in this state had yet addressed his specific issue. *See id.* And, in considering whether a petitioner's claim raises a "novel" issue, what matters is whether the application of a principle of law in a particular setting involves either a new principle or the application of that principle in a new way. *See id.* at 101. Petitioner's apparent argument, that he did not know, as a factual matter, how data is stored on a hard drive, is relevant only to the extent that his counsel "'was excusably unaware of [those] facts,'" an assertion petitioner does not make. *See Palmer*, 318 Or at 357 (quoting *North*, 254 Or at 456-57). That circumstance is not relevant to our assessment as to whether the application of law in petitioner's case was "novel."[4]

---

[4] For much the same reason, we reject without further discussion petitioner's argument that the Supreme Court's opinion reversing our decision in *Ritchie I* was "surprising" within the meaning of *Long*.

Furthermore, there is nothing novel or unprecedented about an argument that a person's conduct does not constitute possession or control within the meaning of a particular statute. Even though neither we nor the Supreme Court had, before *Ritchie I*, construed the terms "possess[es]" and "control[]" as used in ORS 163.686(1), both courts had in other cases repeatedly construed those terms in connection with other parts of the Criminal Code, long before petitioner's two-year post-conviction relief window closed.[5] Such cases demonstrate that the underpinning of petitioner's post-conviction claim—namely, a challenge to the scope and meaning of the statutory terms "possess" and "control[]"— has long been a familiar defense strategy. Thus, the idea that one might raise such a defense under ORS 163.686(1) was neither novel nor unprecedented. Instead, it would involve the application of a familiar legal concept—a defense based upon the intended meaning of a statutory term—to the relatively new setting of internet searches. Such a defense could reasonably have been anticipated.[6]

In fact, the modern, technological setting in which petitioner's charges arose reinforces the view that he reasonably could have anticipated and raised his claim well before he did. In recent years, Oregon courts have repeatedly

---

[5] *See, e.g., State v. Fries,* 344 Or 541, 550, 185 P3d 453 (2008) (momentary or fleeting contacts with a controlled substance may be insufficient to establish degree of control required to prosecute for unlawful possession); *State v. Gordineer,* 229 Or 105, 111, 366 P2d 161 (1961) (possession, for purposes of contributing to the delinquency of a minor, required proof that minor intended to possess or control item to the exclusion of others).

[6] As previously noted, petitioner also argues that we should view the standard for whether a party could reasonably have raised an argument as equivalent to the standard for inadequate assistance of counsel. Petitioner reasons that, if an attorney is not ineffective for failing to anticipate and raise an issue, then a petitioner could not reasonably have been expected to anticipate and raise that issue. *See Wells v. Peterson,* 315 Or 233, 236, 844 P2d 192 (1992) (attorney was not ineffective for failing to raise issue when law was unsettled); *Mesta v. Franke,* 261 Or App 759, 782-83, 322 P3d 1136 (2014) (attorney was not ineffective for failing to anticipate changes in law). However, the Supreme Court has already rejected that argument in connection with ORS 138.550(1). *Palmer,* 318 Or at 361 n 7 ("Although counsel's decision not to raise the sentencing issue was reasonable due to the unsettled state of the law, it does not follow from that fact that the sentencing issue necessarily was one that counsel could not reasonably have been expected to raise. If that were so, then every error not preserved in the trial court could be raised in a proceeding for post-conviction relief."). For the reasons stated in *Palmer,* we likewise reject that argument under ORS 138.510.

confronted the challenge of applying traditional legal principles in light of new technologies.[7] In each case addressing that challenge, the court considered a familiar legal concept—such as privacy, *mens rea*, or sufficiency of proof— and determined whether the technological setting in which a crime arose had any bearing on that concept. Likewise, this case involved the application of a familiar concept— possession or control—in a new *context*—automated storage on a computer's hard drive. There was nothing novel in the argument that the autonomous workings of defendant's computer required the court to examine the intended reach of ORS 163.686(1).

Moreover, well before the Supreme Court issued its decisions in *Ritchie II* and *Barger II*, a number of defendants in other jurisdictions had raised similar statutory interpretation defenses, requiring other courts to construe the terms possession and control under facts very similar to this case. *See Barger II*, 349 Or at 567 n 13 (noting extensive case law in other jurisdictions considering whether viewing images on the internet constitutes possession or control of those images sufficient to sustain child pornography charges). Those courts have reached varying conclusions.[8] We reject

---

[7] *See, e.g., State v. Johnson*, 340 Or 319, 336, 131 P3d 173 (2006) (concluding that defendant had no privacy interest in cell phone records kept by service provider); *State v. Wacker*, 317 Or 419, 421, 425, 856 P2d 1029 (1993) (police use of starlight scope, which both magnified images and enhanced nighttime vision, did not qualify as a search under Oregon Constitution); *State v. Campbell*, 306 Or 157, 171-72, 759 P2d 1040 (1988) (attaching radio tracker to car was significantly distinguishable from visible tracking and amounted to a search); *State v. Delp*, 218 Or App 17, 26-27, 178 P3d 259, *rev den*, 345 Or 317 (2008) (deciding, as a matter of first impression, that defendant did not have protected privacy interest, under Oregon Constitution, in noncontent subscriber information held by his internet service provider); *State v. Betnar*, 214 Or App 416, 426, 166 P3d 554 (2007) (evidence that defendant was in possession of "a computer that would permit the downloading and copying of images from the Internet or other sources * * * [as well as] floppy disks, photographs, and CD-ROMs with images on them" was sufficient to support finding that defendant had printed or duplicated images found in his possession); *State v. Dimock*, 174 Or App 500, 505, 27 P3d 1048 (2001), *rev den*, 334 Or 190 (2002) (question of whether defendant knew a recording was a real rather than a virtual image for purposes of statute prohibiting "visual recording of sexually explicit conduct involving child abuse" was an issue of proof for jury to decide).

[8] *Compare United States v. Kain*, 589 F3d 945, 950 (8th Cir 2009) (person who searches internet for child pornography and displays such images on his computer "possesses" those images), *People v. Josephitis*, 394 Ill App 3d 293, 301, 914 NE2d 607, *rev den*, 234 Ill 2d 539 (2009) (same), *and Commonwealth v. Diodoro*,

the state's argument that the "best indication" that petitioner could reasonably have raised his argument prior to the expiration of the two-year limitations period is that the defendant in *Ritchie I* actually did so.[9] However, that publicly available decisional law, much of which predates April 2009 and raises the same argument that petitioner raises in his post-conviction case, is a circumstance we consider in evaluating whether petitioner's failure to raise his claim in a timely fashion was reasonable. *Cf. Bartz*, 314 Or at 369 ("It is a basic assumption of the legal system that the ordinary means by which the legislature publishes and makes available its enactments is sufficient to inform persons of statutes that are relevant to them."); *Benitez-Chacon*, 178 Or App at 356-58 (a petitioner cannot claim that he could not reasonably have raised a claim within the statute of limitations based on a failure to know the law, because a petitioner is presumed to know applicable statutes and rules when those laws are publicly available).

In light of the foregoing circumstances, we have little difficulty concluding that petitioner could reasonably have raised his statutory interpretation argument within the time allotted under ORS 138.510(3). Unlike the merger argument in *Walton*, which faced a considerable obstacle in the form of an adverse decision from our court, no appellate authority foreclosed that argument. Thus, as the state notes, the question of whether petitioner possessed or controlled the

---

601 Pa 6, 18-19, 970 A2d 1100, *cert den*, 558 US 875 (2009) (same), *with United States v. Kuchinski*, 469 F3d 853, 863 (9th Cir 2006) ("Where a defendant lacks knowledge about the cache files, and concomitantly lacks access to and control over those files, it is not proper to charge him with possession and control of the child pornography images located in those files, without some other indication of dominion and control over the images."), *Worden v. State of Alaska*, 213 P3d 144, 147-48 (Alaska Ct App 2009) (same), *and Barton v. State of Georgia*, 286 Ga App 49, 52, 648 SE2d 660, *cert den* (2007) (same).

[9] The escape clause in ORS 138.510(3) considers whether petitioner could *reasonably have been expected* to raise the argument—not whether he could *conceivably* have made the argument. *Long*, 166 Or App at 100-01 (citing *Palmer*, 318 Or at 357) (noting distinction). It is true that the defendant in *Ritchie* had raised that same issue at trial and argued it to us before April 2009. But the bare fact that the issue had been raised in a yet-to-be decided appeal merely shows that petitioner conceivably could have made that argument; unlike the published appellate decisions listed in the previous footnote, that fact says little, if anything, about whether petitioner could reasonably have been expected to raise the issue himself.

images on his computer's hard drive was "open to debate," and petitioner was in a position to raise that question. His post-conviction claim—that the proper interpretation of those statutory terms barred his conviction for encouraging child sexual abuse—was based on familiar legal concepts, including, generally, statutory construction, and, specifically, what it means to possess or control prohibited items. The Supreme Court's decisions in *Richie II* and *Barger II* did not announce anything new about those concepts—those cases merely determined how the concepts would apply to the particular circumstances of petitioner's conduct in this case. *See Long*, 166 Or App at 100-01 (holding that petitioner could reasonably have timely sought post-conviction relief when principle underlying claim was not new and only uncertainty was in its scope or application to petitioner's particular circumstance). Moreover, even though our courts had not addressed petitioner's issue before May 2009, others had, which further supports our conclusion that petitioner's claim was not based upon a change in the law that was new, unprecedented, or surprising. Accordingly, the post-conviction court did not err in dismissing petitioner's claim.[10]

For the reasons discussed above, we agree with the post-conviction court that, under the facts of this case, petitioner reasonably could have been expected to raise his argument prior to the expiration of ORS 138.510(3)'s two-year period for claims for post-conviction relief.

Affirmed.

---

[10] It is immaterial that, because we decided *Ritchie I* shortly after petitioner's post-conviction window closed, his argument might not have been successful if it had been timely raised. Our analysis simply requires us to ask whether a claim could reasonably have been raised, not whether that claim could have been raised fruitfully. *Cf. Kinkel v. Persson*, 276 Or App 427, 444, 367 P3d 956 (2016) ("ORS 138.550(2) and (3) do not only prevent a petitioner from bringing a successive petition for post-conviction relief on grounds that would have been *successful* if raised earlier. Instead, where a ground for relief could reasonably have been raised on direct appeal or in an original or amended petition for post-conviction relief, the petitioner must have raised it.").